```
IN THE UNITED STATES DISTRICT COURT
  FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


RHONDA L. BISHOP,              )
                               )
              Plaintiff,       )
                               )
       v.                      )        1:14CV489
                               )
CAROLYN W. COLVIN,             )
Acting Commissioner of Social  )
Security,                      )
                               )
              Defendant.       )
```

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff, Rhonda L. Bishop, brought this action pursuant to the Social Security Act (the "Act") to obtain judicial review of a final decision of Defendant, the Commissioner of Social Security, denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Docket Entry 1.) The Court has before it the certified administrative record (cited herein as "Tr. __"), as well as the parties' cross-motions for judgment (Docket Entries 12, 14). For the reasons that follow, the Court should remand this matter for further administrative proceedings.

**I. PROCEDURAL HISTORY**

Plaintiff filed applications for DIB and SSI on February 3, 2011, alleging a disability onset date of June 1, 2009. (Tr. 235-43.) Upon denial of those applications initially (Tr. 63-94, 125-29) and on reconsideration (Tr. 95-124, 132-35, 136-40), Plaintiff

requested a hearing de novo before an Administrative Law Judge ("ALJ") (Tr. 144-45). Plaintiff, her attorney, and a vocational expert ("VE") attended the hearing. (Tr. 36-62.) By decision dated December 7, 2012, the ALJ determined that Plaintiff did not qualify as disabled under the Act. (Tr. 17-31.) On April 16, 2014, the Appeals Council denied Plaintiff's request for review (Tr. 1-6), making the ALJ's ruling the Commissioner's final decision for purposes of judicial review.

In rendering that disability determination, the ALJ made the following findings later adopted by the Commissioner:

> 1. [Plaintiff] meets the insured status requirements of the [] Act through March 31, 2013.
>
> 2. [Plaintiff] has not engaged in substantial gainful activity since June 1, 2009, the alleged onset date.
>
> 3. [Plaintiff] has the following severe impairments: degenerative disc disease, asthma, major depressive disorder, and alcohol abuse.
>
> . . . .
>
> 4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> . . . .
>
> 5. . . . [Plaintiff] has the residual functional capacity to perform light work . . . with the following additional limitations: [Plaintiff] could frequently climb, stoop, kneel, crouch, or crawl. She could constantly balance. [Plaintiff] could frequently reach, handle, and finger with the left upper extremity and have no restrictions on the non-dominant right upper extremity. She must avoid even moderate exposure to dust, fumes, gases, odors, poor ventilation, and other

2

pulmonary irritants. She must avoid concentrated exposure to humidity, extreme cold, and extreme heat. [Plaintiff] would be able to understand, remember, and carry out simple instructions, make judgments on simple work related decisions, and respond to usual work situations and to changes in a routine work setting. However, she should have only brief, infrequent, and superficial contact with the public and only occasional contact with coworkers and supervisors. [Plaintiff] could maintain attention and concentration for two-hour segments over an eight-hour period and complete a normal workweek without excessive interruptions from psychologically or physically based symptoms.

. . . .

6. [Plaintiff] has no past relevant work.

. . . .

10. Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform.

. . . .

11. [Plaintiff] has not been under a disability, as defined in the [] Act, from June 1, 2009, through the date of this decision.

(Tr. 22-30 (internal parenthetical citations omitted).)

## II. DISCUSSION

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits." Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). However, "the scope of [the Court's] review of [such a] decision . . . is extremely limited." Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981).

3

## **A.  Standard of Review**

"[C]ourts are not to try [a Social Security] case de novo." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).  Instead, the Court "must uphold the factual findings of the ALJ [underlying the denial of benefits] if they are supported by substantial evidence and were reached through application of the correct legal standard." Hines, 453 F.3d at 561 (internal brackets and quotation marks omitted).  "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (quoting Richardson v. Perales, 402 U.S. 389, 390 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (internal citations and quotation marks omitted).  "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence."  Hunter, 993 F.2d at 34 (internal quotation marks omitted).

"In reviewing for substantial evidence, the [C]ourt should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ, as adopted by the Social Security Commissioner]." Mastro, 270 F.3d at 176 (internal brackets and quotation marks omitted).  "Where conflicting evidence allows reasonable minds to differ as to

4

whether a claimant is disabled, the responsibility for that decision falls on the [Social Security Commissioner] (or the ALJ)." Id. at 179 (internal quotation marks omitted). "The issue before [the reviewing court], therefore, is not whether [the claimant] is disabled, but whether the ALJ's finding that [the claimant] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

When confronting that issue, the Court must take note that "[a] claimant for disability benefits bears the burden of proving a disability," Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981), and that, in this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" Id. (quoting 42 U.S.C. § 423(d)(1)(A)).[1] "To regularize the adjudicative process, the Social Security Administration has . . . detailed regulations incorporating longstanding medical-vocational evaluation policies that take into account a claimant's age, education, and work experience in addition to [the claimant's]

---

[1] The Act "comprises two disability benefits programs. [DIB] . . . provides benefits to disabled persons who have contributed to the program while employed. [SSI] . . . provides benefits to indigent disabled persons. The statutory definitions and the regulations . . . for determining disability governing these two programs are, in all aspects relevant here, substantively identical." Craig, 76 F.3d at 589 n.1 (internal citations omitted).

5

medical condition." Id. "These regulations establish a 'sequential evaluation process' to determine whether a claimant is disabled." Id. (internal citations omitted).

This sequential evaluation process ("SEP") has up to five steps: "The claimant (1) must not be engaged in 'substantial gainful activity,' *i.e.*, currently working; and (2) must have a 'severe' impairment that (3) meets or exceeds the 'listings' of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform [the claimant's] past work or (5) any other work." Albright v. Comm'r of the Soc. Sec. Admin., 174 F.3d 473, 475 n.2 (4th Cir. 1999).[2] A finding adverse to the claimant at any of several points in the SEP forecloses an award and ends the inquiry. For example, "[t]he first step determines whether the claimant is engaged in 'substantial gainful activity.' If the claimant is working, benefits are denied. The second step determines if the claimant is 'severely' disabled. If not, benefits are denied." Bennett v. Sullivan, 917 F.2d 157, 159 (4th Cir. 1990).

On the other hand, if a claimant carries his or her burden at each of the first three steps, the "claimant is disabled." Mastro, 270 F.3d at 177. Alternatively, if a claimant clears steps one and two, but falters at step three, *i.e.*, "[i]f a claimant's impairment

---

[2] "Through the fourth step, the burden of production and proof is on the claimant. If the claimant reaches step five, the burden shifts to the [Commissioner] . . . ." Hunter, 993 F.2d at 35 (internal citations omitted).

6

is not sufficiently severe to equal or exceed a listed impairment, the ALJ must assess the claimant's residual functional capacity ('RFC')." Id. at 179.[3] Step four then requires the ALJ to assess whether, based on that RFC, the claimant can perform past relevant work; if so, the claimant does not qualify as disabled. Id. at 179-80. However, if the claimant establishes an inability to return to prior work, the analysis proceeds to the fifth step, whereupon the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's RFC] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." Hall, 658 F.2d at 264-65. If, at this step, the Commissioner cannot carry its "evidentiary burden of proving that [the claimant] remains able to work other jobs available in the community," the claimant qualifies as disabled. Hines, 453 F.3d at 567.[4]

---

[3] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." Hines, 453 F.3d at 562 (noting that administrative regulations require RFC to reflect claimant's "ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis . . . [which] means 8 hours a day, for 5 days a week, or an equivalent work schedule" (internal emphasis and quotation marks omitted)). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." Hall, 658 F.2d at 265. "RFC is to be determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (*e.g.*, pain)." Hines, 453 F.3d at 562-63.

[4] A claimant thus can establish disability via two paths through the SEP. The first path requires resolution of the questions at steps one, two, and three in the claimant's favor, whereas, on the second path, the claimant must prevail at steps one, two, four, and five. Some short-hand judicial characterizations of the SEP appear to gloss over the fact that an adverse finding against a claimant on step three does not terminate the analysis. See, e.g., Hunter, 993 F.2d at 35 ("If the ALJ finds that a claimant has not satisfied any step of the process, review does not proceed to the next step.").

7

### B.  Assignments of Error

Plaintiff contends that the Court should overturn the ALJ's finding of no disability on these grounds:

(1) the ALJ "did not give [the 70% disability rating of the Veterans Administration ("VA")] substantial weight as mandated by the [Fourth] Circuit but instead gave it little weight" (Docket Entry 13 at 2-3);

(2) the ALJ failed "to elicit a reasonable explanation for the conflict" between the testimony of the VE and the Dictionary of Occupational Titles ("DOT") in violation of Social Security Ruling 00-4p (id. at 6); and

(3) the ALJ did "not evaluate, weigh, or state the weight given . . . [to] any of the [Global Assessment of Functioning ("GAF")] scores in the record" (id. at 8).

Defendant contends otherwise and seeks affirmance of the ALJ's decision.  (Docket Entry 15 at 4-14.)

**VA Disability Rating**

Plaintiff challenges the ALJ's decision to afford "little weight" to Plaintiff's "VA disability rating of 70% for depression."  (Docket Entry 13 at 3-5 (citing Tr. 29); see also Tr. 732-39.)  According to Plaintiff, the ALJ "ma[de] the conclusory statements that [the VA rating] '[wa]s not supported by objective evidence' and '[wa]s inconsistent with the record as a whole' without citing to any evidence of record for support."  (Id. at 3

8

(citing Tr. 29).) Plaintiff emphasizes that, after the hearing in this case but before the ALJ issued his decision, the United States Court of Appeals for the Fourth Circuit decided <u>Bird v. Commissioner of Soc. Sec. Admin.</u>, 699 F.3d 337 (4th Cir. 2012), which held that, "although VA disability ratings are not binding on the ALJ, the ALJ must give the VA's findings 'substantial weight' unless the record 'clearly demonstrates' that [such findings] are entitled to less weight." (Docket Entry 13 at 3 (citing <u>Bird</u>, 699 F.3d at 343).) Plaintiff asserts that, in direct contravention of <u>Bird</u>, the ALJ failed to cite any specific evidence to support the "little weight" he gave to the VA disability rating and merely found the VA rating "not relevant in th[e] case." (<u>Id.</u> at 4-5 (citing Tr. 29).) Plaintiff's contentions on these points have merit.

On April 18, 2012, the VA issued a 70% disability rating for Plaintiff's major depressive disorder based upon multiple symptoms, including "[d]ifficulty in adapting to a worklike setting . . . [and] stressful circumstances," "[s]uicidal ideation," "[o]ccupational and social impairment," "[d]ifficulty in establishing . . . work and social relationships," "[d]isturbances of motivation and mood," "[c]hronic sleep impairment," and "[m]ild memory loss." (Tr. 732, 733, 737.) In evaluating this rating the ALJ stated as follows:

> The undersigned has also read and considered the [VA disability rating]. A conclusion by the VA regarding the

9

> percentage or degree of disability is not based on the
> same criteria that is used in determining disability
> under the [] Act and is thereby <u>not relevant</u> in this
> case. Furthermore, whether [Plaintiff] is 'disabled' is
> a determination reserved to the Commissioner. As a
> result, little weight has been given to the rating
> decision assessment. A 70 percent disability attribution
> to depression is not supported by objective evidence and
> is inconsistent with the record as a whole, which
> documents [Plaintiff's] adaptive capabilities during the
> period in question as well as her improving mental health
> following sexual reassign[]ment surgery.

(Tr. 29 (internal citations omitted and emphasis added).)

In <u>Bird</u>, the Fourth Circuit addressed for the first time the "weight that the [Social Security Administration ("SSA")] must afford to a VA disability rating." <u>Bird</u>, 699 F.3d at 343. The court observed the similarities between the evaluation of disability by the VA and the SSA:

> [B]oth the VA and Social Security programs serve the same
> governmental purpose of providing benefits to persons
> unable to work because of a serious disability. Both
> programs evaluate a claimant's ability to perform full-
> time work in the national economy on a sustained and
> continuing basis; both focus on analyzing a claimant's
> functional limitations; and both require claimants to
> present extensive medical documentation in support of
> their claims.

<u>Id.</u> (internal quotation marks and citation omitted). After reviewing the "varying degrees of evidentiary significance" other circuits afford VA disability ratings, the Fourth Circuit held as follows:

> The VA rating decision reached in [the plaintiff's] case
> resulted from an evaluation of the same condition and the
> same underlying evidence that was <u>relevant</u> to the
> decision facing the SSA. Like the VA, the SSA was
> required to undertake a comprehensive evaluation of [the

10

plaintiff's] medical condition. Because the purpose and evaluation methodology of both programs are closely related, a disability rating by one of the two agencies is <u>highly relevant</u> to the disability determination of the other agency. Thus, we hold that, in making a disability determination, the SSA must give <u>substantial weight</u> to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ <u>clearly demonstrates</u> that such a deviation is appropriate.

<u>Bird</u>, 699 F.3d at 343 (emphasis added).

The ALJ's consideration of Plaintiff's VA disability rating runs afoul of <u>Bird</u> in two significant respects. First, the ALJ's statement that the VA's disability rating "is not based on the same criteria that is used in determining disability under the [] Act and is thereby <u>not relevant</u> in this case" (Tr. 29 (emphasis added)) disregards <u>Bird</u>'s holding to the contrary that, "[b]ecause the purpose and evaluation methodology of both programs are <u>closely related</u>, a disability rating by one of the two agencies is <u>highly relevant</u> to the disability determination of the other agency," <u>Bird</u>, 699 F.3d at 343 (emphasis added). The ALJ's decision to find Plaintiff's VA rating "not relevant" constitutes a particularly erroneous finding where, as in <u>Bird</u>, "[t]he VA rating decision reached in [Plaintiff's] case resulted from an evaluation of the <u>same condition and the same underlying evidence</u> that was relevant to the decision facing the SSA," <u>Bird</u>, 699 F.3d at 343 (emphasis added). In fact, Plaintiff's treatment records from the VA

11

constitute virtually the only medical records covering the relevant time period in this case. (See generally Tr. 323-739.)

Second, the ALJ's vague reference to Plaintiff's "adaptive capabilities during the period in question" (Tr. 29) falls considerably short of a identifying sufficient grounds for affording the VA rating less than substantial weight. Further, the ALJ's notation of Plaintiff's "improving mental health" after her surgery in June 2012 (id.) does not substantiate affording "little weight" to the disability rating in connection with the period from Plaintiff's alleged onset date (June 1, 2009) to the date of her surgery (June 28, 2012).

In sum, the ALJ reversibly erred by finding Plaintiff's VA disability rating "not relevant" (Tr. 29) and by failing to adequately explain how the record "clearly demonstrates" that said rating merits less than "substantial weight," Bird, 699 F.3d at 343. "On remand, the [SSA] should directly address [the weight attributable to] Plaintiff's VA disability rating in light of the Fourth Circuit's decision in Bird, . . . and [should] clearly identify the record evidence that supports any deviation from [the substantial weight] standard." Wilson v. Colvin, No. 1:11CV256, 2014 WL 4274253, at *6 (M.D.N.C. Aug. 29, 2014) (Peake, M.J.)

(unpublished), rec. adopted, slip op. (M.D.N.C. Sept. 17, 2014) (Osteen, Jr., J.) (unpublished).[5]

### III. CONCLUSION

Plaintiff has established an error warranting remand.

**IT IS THEREFORE RECOMMENDED** that the Commissioner's decision finding no disability be vacated and that the matter be remanded under sentence four of 42 U.S.C. § 405(g), for further administrative proceedings that properly address Plaintiff's VA disability rating in accordance with the Fourth Circuit's decision in Bird, 699 F.3d at 343. As a result, Defendant's Motion for Judgment on the Pleadings (Docket Entry 14) should be denied and Plaintiff's Motion for a Judgment Reversing or Modifying the Decision of the Commissioner of Social Security, or Remanding the Cause for a Rehearing (Docket Entry 12) should be granted in part (i.e., to the extent it requests remand).

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

August 11, 2015

---

[5] Because reassessment of Plaintiff's VA disability rating may well impact the RFC determination, the Court should decline to address Plaintiff's remaining two assignments of error involving a potential conflict between the VE's testimony and the DOT and evaluation of GAF scores (see Docket Entry 13 at 6-10).